UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

NADA F. ZAOCHNEY,

                  Debtor.

Case No. A11-00603-DMD
Chapter 7

**Filed On
2/15/12**

### MEMORANDUM ON MOTION TO REOPEN CASE

The debtor has filed a motion to reopen this chapter 7 case to permit the filing of a reaffirmation agreement with Alaska USA Federal Credit Union. For the reasons stated below, the motion will be denied.

The debtor filed her chapter 7 petition on August 4, 2011. Alaska USA was her only scheduled secured creditor. In addition to a residential mortgage, it had extended a vehicle loan to the debtor. The vehicle's value exceeded the balance due on the loan by about $1,800.00. By virtue of a cross-collateralization provision in the loan documents, Alaska USA contended that a portion of the outstanding balance on a credit line it had extended to the debtor was also secured by the vehicle. It sent the debtor a reaffirmation agreement which proposed to include this portion of the credit-line balance in the amount of debt being reaffirmed. The debtor disagreed with Alaska USA's position and filed a motion to value the security interest of Alaska USA in the vehicle.

On December 12, 2011, an order was entered that granted the debtor's motion, in part.[1] The vehicle was valued at $12,950.00 and a portion of the debtor's credit line,

---

[1] Order Granting, in Part, Motion to Value Security Interest, entered Dec. 12, 2011 (Docket No. 29).

$1,852.13, was found to be secured by this collateral. The debtor's discharge was entered the following month, on January 9, 2012. The case was closed on January 13, 2012. Although Alaska USA had sent the debtor a proposed reaffirmation agreement before the case was closed, neither it nor the debtor asked for additional time to file the agreement before the discharge was entered.[2]

The debtor filed a motion to reopen this case on February 10, 2012. The purpose of the motion is to allow her to file a reaffirmation agreement with Alaska USA. Her motion states that she had engaged in negotiations with Alaska USA about reaffirmation of the vehicle loan, but that her discharge was entered and the case was closed before these negotiations were concluded. The motion further states that, after the case was closed, Alaska USA repossessed the vehicle in spite of the fact that the debtor was current on the loan. The debtor says she has transmitted a signed reaffirmation agreement to Alaska USA, but the credit union will not return the vehicle to her unless the court reopens this bankruptcy case and permits the filing of the reaffirmation agreement. The debtor says she is not seeking a determination that the reaffirmation agreement is enforceable; she simply wants to file it in this case because it is a precondition to return of the vehicle. The motion is not supported by an affidavit or declaration from Alaska USA that confirms its position in this matter.

---

[2] Fed. R. Bankr. P. 4008(a) permits the court to "enlarge the time to file a reaffirmation agreement." This ability is circumscribed by the statutory requirements found in § 524, however. *See In re Bellano*, 456 B.R. 220, 222-23 (Bankr. E.D. Penn. 2011); *In re Mardy*, 2011 WL 917545 (Bankr. E.D.N.Y. 2011), at 4.

The debtor argues that this situation is distinguishable from the one faced by the debtor in *In re Potter*.[3] In that case, the debtor executed a reaffirmation agreement with a credit union after her discharge had been entered. She filed the reaffirmation agreement with the court 13 days after the case was closed. I noted that, in earlier cases, this court had vacated a discharge on request of a debtor so that a reaffirmation agreement could be considered timely filed.[4] However, I concluded that this procedure could no longer be followed, particularly after the enactment of BAPCPA, because it violated the statutory mandate of 11 U.S.C. § 524.[5] A reaffirmation agreement must be "made" prior to entry of discharge to satisfy the statutory requirements of § 524(c).[6]

The debtor says her situation is distinguishable because she simply wants to file the reaffirmation agreement without having the court determine its enforceability. But that is essentially what happened in *Potter*. The only difference is that the debtor in *Potter* filed the reaffirmation agreement without first seeking leave to reopen her case.

In *Potter* I cited several cases in which courts had reached the same conclusion that I had.[7] Cases decided subsequent to *Potter* reflect that, although debtors have sought relief on a variety of grounds, courts have consistently held that the discharge and closing

---

[3] 9 A.B.R. 135 (Bankr. D. Alaska 2009).

[4] *In re Potter*, 9 A.B.R. at 136.

[5] *Id.*

[6] *Id.*

[7] *Id.* n.5.

3

dates cannot be manipulated to accommodate a late reaffirmation agreement.[8] Not even a credit union, in a case with facts similar to those present here, succeeded in setting aside a discharge so that a reaffirmation agreement could be filed.[9] Further, *Collier* notes that "an agreement to pay a discharged or dischargeable debt" that does not meet the requirements of § 524(c) and (d) "is without legal effect."[10]

One of the statutory prerequisites to a valid reaffirmation agreement is that it be "made before the granting of a discharge."[11] Here, the debtor concedes that she cannot

---

[8] *See In re Yelverton*, 459 B.R. 1 (Bankr. D. C. 2011) (even assuming court had authority to set aside a discharge under Fed. R. Civ. P. 60(b) so that the debtor could file a reaffirmation agreement, debtor's lack of diligence precluded a finding of extraordinary circumstances that would justify such relief); *In re Bellano*, 456 B.R. 220 (Bankr. E.D. Penn. 2011) (court denied debtor's motion to reopen case in order to belatedly reaffirm mortgage debt that had been modified under HAMP); *In re Salas*, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (if reaffirmation agreement was "made" after entry of discharge, it doesn't matter whether it is filed or not because it is not a valid, effective agreement); *In re Wade*, 2011 WL 477812 (Bankr. M.D.N.C. 2011) (no "cause" to reopen case under 11 U.S.C. § 350(b) is shown where debtor's reaffirmation agreement was made after entry of discharge); *In re Mardy*, 2011 WL 917545 (Bankr. E.D.N.Y. 2011) (reaffirmation agreement made post-discharge was unenforceable; no cause existed under § 350(b) to reopen case to permit filing of the agreement); *see also In re Rafferty*, 2008 WL 5545266 (Bankr. D. Conn. 2008) (court lacked authority under 11 U.S.C. § 105(a) to reopen case and set aside discharge so that reaffirmation agreement could be made and filed); *In re Carillo*, 2007 WL 2916328 (Bankr. D. Utah) (court lacks authority to vacate discharge so that reaffirmation agreement could be filed; debtor's motion denied as futile); *In re Huffman*, 2007 WL 1856770 (Bankr. M.D.N.C. 2007) (debtor's desire to reaffirm debt after creditor repossessed vehicle was not a special circumstance that warranted reopening of the case and revocation of discharge); *In re Cottrill*, 2007 WL 1760927 (Bankr. N.D. W. Va. 2007) (court could not waive requirements of § 524(c) on request of debtor, nor could it vacate discharge under Fed. R. Civ. P. 60(b) or apply its § 105(a) equitable powers so that debtor could file an untimely reaffirmation agreement; pursuant to 28 U.S.C. § 1334(b), court lacked jurisdiction over such agreements).

[9] *In re Nichols*, 2010 WL 4922538 (Bankr. N.D. Iowa) (credit union's motion to reopen case granted, but court found no basis under 11 U.S.C. § 727(d) or Fed. R. Civ. P. 60(b) to grant the credit union's motion to set aside debtor's discharge so that reaffirmation agreement could be filed).

[10] 4 *Collier on Bankruptcy* ¶ 524.04 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.).

[11] 11 U.S.C. § 524(c); *see also* 4 *Collier on Bankruptcy* ¶ 524.04[1].

4

satisfy this prerequisite. It is pointless to file a reaffirmation agreement that was "made" after entry of discharge, because such an agreement would not be enforceable under § 524.

The debtor correctly notes that she may voluntarily repay a debt post-discharge, as provided under § 524(f). Her supporting memorandum also indicates that she may seek further relief, such as damages for willful violation of the automatic stay or discharge injunction, from this court.[12] The stay under 11 U.S.C. § 362(a) dissolved when this case was closed, to be replaced by the discharge injunction found in § 524(a). Section 524(a)(2) enjoins the enforcement of a discharged debt as a personal liability against the debtor, but does not prohibit the enforcement of liens that have survived the bankruptcy.[13] The debtor concedes that Alaska USA has retained its lien against the vehicle. If the debtor feels that Alaska USA's repossession violated the terms of the loan agreement or state law, she should pursue her remedies in state court.

For the reasons stated herein and in my earlier decision in *Potter*, the debtor's motion to reopen chapter 7 case will be denied. An order will be entered consistent with this memorandum.

---

[12] Debtor's Mem. in Supp. of Mot. to Reopen Ch. 7 Case, filed Feb. 14, 2012 (Docket No. 35), at 2.

[13] 4 *Collier on Bankruptcy* ¶ 524.02[1]. A creditor's *threats* to enforce a surviving lien might violate the discharge injunction, however, if "evidence shows that the threat is really an effort to coerce payment of the underlying discharged debt." *Id.* at ¶ 524.02[2][a].

5

DATED: February 15, 2012.

                                                  BY THE COURT

                                                  <u>/s/ Donald MacDonald IV</u>
                                                  DONALD MacDONALD IV
                                                  United States Bankruptcy Judge

Serve:       C. Johansen, Esq.
               D. Clark, Esq.
               K. Battley, Trustee
               U. S. Trustee

               02/15/12